UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA, -against- RAFAEL SANTOS, Defendant. | 88 CR 642 (LAP) ORDER |
|---|---|

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Defendant Rafael Santos' pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dkt. no. 280.) Mr. Santos is 61 years old and has served over 30 years of his life sentence after having been adjudged guilty at trial of seven counts relating to a large-scale drug trafficking conspiracy, including assaulting a federal officer with a deadly weapon and attempting and conspiring to murder that federal officer. (See Dkt. no. 261 at 5.)

This is the most recent in a series of attempts by Mr. Santos to reduce or modify his sentence.[1] On September 3, 2020, as amended December 8, 2020, Mr. Santos moved for compassionate release pursuant to Section 3582(c)(1)(A) on the

[1] See, e.g., Santos v. United States, 2003 WL 22434099, at *1 & n.2 (S.D.N.Y. Oct. 24, 2003) ("This is the fourth attempt by Santos to reduce or modify his sentence."). In addition to motions to reduce or modify his sentence, Mr. Santos has attempted numerous other forms of relief, including a petition for a writ of mandamus, several successive habeas petitions, motions under Rule 60(b), etc.

ground that he suffers from certain health issues and is at particular risk of complications from COVID-19. (Dkt. no. 247, 253.) The Court denied Mr. Santos' motion on February 25, 2021, concluding that even assuming Mr. Santos had come forward with "extraordinary and compelling circumstances warranting release," the Section 3553(a) factors "weigh heavily against release." (Dkt. no. 261 at 10.) Mr. Santos thereafter moved for reconsideration (dkt. no. 271), which the Court granted and, upon reconsideration, concluded anew that Mr. Santos was not entitled to compassionate release (dkt. no. 272).

Mr. Santos' new application substantially rehashes his prior arguments that he suffers from a series of maladies, is wheelchair-bound, and is at particular risk of contracting COVID-19 despite being fully vaccinated. (See generally dkt. no. 280.)

The Court again concludes that even assuming Mr. Santos has established "[t]he threshold question" of "extraordinary and compelling circumstances" warranting release, United States v. Daugerdas, 2020 WL 2097653, at *2 (S.D.N.Y. May 1, 2020) (Pauley, J.), the Section 3553(a) factors weigh heavily against release. Nothing has changed in the 18 months since the Court ruled on Mr. Santos' earlier motion and motion for reconsideration. He has not taken responsibility for his crimes

(dkt. no. 261 at 10-12) and his disciplinary records in prison contain notable blemishes (id. at 12). But most importantly,

> the wantonness of Defendant's crime and his lack of remorse convince the Court that continued incarceration is required to punish Defendant for his crimes and to protect the public from further crimes. As the Government has noted, Defendant, who was hiding in a closet, fired his defaced .357 "Trooper" magnum revolver when Agent Travers opened the door to the closet, striking the agent in the face at point blank range. After Agent Travers fell to the ground, Defendant repositioned himself and continued to fire over Agent Travers' body at the other agents and sources in the apartment, striking one of the DEA sources. Eventually, agents returned fire and felled Defendant, but only after he had fired every round in his revolver.
>
> That Defendant's fusillade did not result in the death of someone in the apartment is only dumb luck. As Judge Ward noted at sentencing, these defendants "came within millimeters of taking a human life." (See Sent. Tr. at 83.) In particular, he explained that "sentences here must demonstrate that assaults, the attempted murder, the actual murder in other situations, of law enforcement officials will not be tolerated by the courts." (Id. at 84.)

(Dkt. no. 261 at 13-15 (cleaned up).) Defendant's willingness to shoot and continue shooting until he emptied his weapon, without regard to human life and inflicting untold suffering on Agent Travers, is deserving of the harshest sentence. To release this remorseless Defendant, at age 61, from a richly-deserved life sentence would be a severe affront to the sentencing objectives of imposing a sentence that reflects the

seriousness of the offense, promoting respect for the law, and providing just punishment for the offense. Given the wantonness of the crime, the total disregard for human life that it betokens, and the Defendant's lack of remorse, releasing this Defendant would also pose a danger to his community. The Section 3553(a) factors weigh heavily and decisively against release.

Accordingly, Mr. Santos' motion for compassionate release pursuant to 18 U.S.C. § 3582(c) (dkt. no. 280) is DENIED. The Clerk of the Court shall mark dkt. no. 280 as closed and mail a copy of this order to Mr. Santos.

**SO ORDERED.**

Dated: New York, New York
June 13, 2022

LORETTA A. PRESKA
Senior United States District Judge