UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-against-

RAFAEL SANTOS,

Defendant.

---

88 CR 642 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

The Court is in receipt of Rafael Santos' motion dated July 2, 2022 (the "Motion") (dkt. no. 283) for reconsideration of the Court's order of June 13, 2022 (dkt. no. 281) denying his request for compassionate release. This is the most recent in a series of attempts by Defendant to reduce or modify his sentence. See Santos v. United States, 2003 WL 22434099, at *1 & n.2 (S.D.N.Y. Oct. 24, 2003) ("This is the fourth attempt by Santos to reduce or modify his sentence."). In addition to motions to reduce or modify his sentence, Mr. Santos has attempted numerous other forms of relief, including a petition for a writ of mandamus, several successive habeas petitions, motions under Rule 60(b), etc. See United States v. Santos, 2022 WL 2121512, at *1 n.1 (S.D.N.Y. June 13, 2022). For the reasons set forth below, the motion is denied.

I. **Legal Standard**

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and

1

conservation of scarce judicial resources." Drapkin v. Mafco Consol. Grp., Inc., 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (citation and internal quotation marks omitted).

"While the Federal Rules of Criminal Procedure do not provide for reconsideration motions, such motions are tacitly accepted in criminal cases in this District by virtue of Local Crim. R. 49.1(d)." United States v. Baldeo, 2015 WL 252414, at *1 (S.D.N.Y. Jan. 20, 2015). That rule enables a movant to file "[a] motion for consideration . . . within fourteen (14) days after the Court's determination of the original motion" upon "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked shall accompany the motion." Local Crim. R. 49.1(d).

"The standards for reconsideration among the civil and criminal rules are largely the same." United States v. Daugerdas, No. 09 CR 581, 2020 WL 4931988, at *2 (S.D.N.Y. Aug. 18, 2020) (quoting United States v. Lisi, 2020 WL 1331955, at *2 (S.D.N.Y. Mar. 23, 2020)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Glob. View Ltd. Venture Cap. v. Great Cent. Basin Expl., L.L.C., 288 F. Supp. 2d 482, 483 (S.D.N.Y. 2003) (quoting

Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). The Court may also grant the motion to "correct a clear error or prevent manifest injustice." Id. (quoting Banco de Seguros Del Estado v. Mut. Marine Offs., Inc., 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002)). However, "[r]econsideration is not an invitation for parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings.'" Daugerdas, 2020 WL 4931988, at *2 (quoting de los Santos v. Fingerson, No. 97 CIV. 3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998)).

## II.  Discussion

In his motion Mr. Santos asserts that the Court failed to consider his "great sense of remorse for the DEA agent that he wounded." (Motion at 2.) Mr. Santos also asserts that the Court did not consider his argument that he would not pose a danger to the community because he "faces certain deportation back to the" Dominican Republic. (Motion at 3.) Finally, Mr. Santos argues that the Court failed to consider the fact that Congress recognized that applications for Compassionate Release would include offenders who were involved in the commission of multiple acts of violence including multiple murders and cases involving men and women who have engaged in conduct that has caused the infliction of great pain and suffering. There are no

crimes which Congress exempted from consideration, even those involving the shooting of law enforcement officers. (Motion at 4.)

The Court considered Mr. Santos' arguments in its original ruling. However, for the avoidance of any doubt, the Court considers Mr. Santos' purported expression of remorse for the life threatening and life changing injuries he inflicted on DEA Agent Travers. It also considers the fact that Mr. Santos' remorse was, indeed, "long overdue" (Motion at 2) – coming some thirty-four years after the fact and after his umpteenth failure to secure his release – and affords his protestations of remorse little weight.

The Court also considers Defendant's argument that the "certain" deportation that he faces means he is no longer a danger to his community. That might or might not be so. Not everyone who faces "certain" deportation is deported, and not everyone who is deported stays deported.

Finally, the Court reiterates that, whatever weight is ascribed to these factors, the weightiest Section 3553(a) factors remain the wantonness of Defendant's crime and the need for general deterrence. As the Court stated in its June 13, 2022 order,

> As the Government has noted, Defendant, who was hiding in a closet, fired his defaced .357 "Trooper" magnum revolver when Agent Travers

4

>opened the door to the closet, striking the agent in the face at point blank range. After Agent Travers fell to the ground, Defendant repositioned himself and continued to fire over Agent Travers' body at the other agents and sources in the apartment, striking one of the DEA sources. Eventually, agents returned fire and felled Defendant, but only after he had fired every round in his revolver.
>
>That Defendant's fusillade did not result in the death of someone in the apartment is only dumb luck. As Judge Ward noted at sentencing, these defendants "came within millimeters of taking a human life." (See Sent. Tr. at 83.) In particular, he explained that "sentences here must demonstrate that assaults, the attempted murder, the actual murder in other situations, of law enforcement officials will not be tolerated by the courts." (Id. at 84.)

(Dkt. no. 261 at 13-15 (cleaned up).) Defendant's willingness to shoot and continue shooting until he emptied his weapon, without regard to human life and inflicting untold suffering on Agent Travers, is deserving of the harshest sentence.

I.  **Conclusion**

For the reasons set forth above, Mr. Santos fails to identify any "controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." Glob. View Ltd. Venture Cap. v. Great Cent. Basin Expl., L.L.C., 288 F. Supp. 2d 482, 483 (S.D.N.Y. 2003) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). Accordingly, Mr. Santos' motion for reconsideration (dkt. no. 283) is denied.

The Clerk of the Court shall mail a copy of this order to Defendant.

**SO ORDERED.**

Dated:   New York, New York
         December 12, 2022

_____
LORETTA A. PRESKA
Senior United States District Judge